UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2018 Grand Jury

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

SPARKLE SHORALE NELSON,
SHYKEENA MONIQUE JOHNSON,
  aka "Shy," and
JERRIKA ELDRENA LASHAY JOHNSON,
  aka "Muffin,"
  aka "Big Sis,"
  aka "Jerrika Carter,"

      Defendants.

ED CR19-00213 JGB

I N D I C T M E N T

[18 U.S.C. § 1349: Conspiracy; 18
U.S.C. § 1341: Mail Fraud; 18
U.S.C. § 1343: Wire Fraud; 18
U.S.C. § 1028A(a)(1): Aggravated
Identity Theft; 20 U.S.C.
§ 1097(a): Financial Aid Fraud; 18
U.S.C. § 2: Aiding and Abetting
and Causing an Act to be Done]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   The Department of Education ("the Department") was an agency of the United States government. One of the primary responsibilities of the Department was the oversight and

administration of Title IV Federal Student Assistance ("FSA")
programs as authorized by the Higher Education Act of 1965.  One of
the functions of the Department was to administer FSA programs,
including the Direct Loan Program and the Pell Grant Program.

    2.   The Direct Loan Program provided low-interest loans to
eligible students to help cover the cost of higher education at
participating schools.  Students eligible for Direct Loans borrowed
directly from the Department rather than a private lender.

    3.   The Pell Grant Program provided the Department grant funds
to assist eligible needy students in meeting the costs of post-
secondary education.

    4.   The Department promulgated regulations that specified the
eligibility requirements and application procedures for students.  In
order to participate in FSA programs, a beneficiary had to be
enrolled at a Department-approved institution.  Each potential
student/applicant had to possess a high school diploma or its
equivalent, be a citizen or eligible non-citizen of the United
States, and not be in default on any prior student loans or owe a
refund on a federal student grant.  FSA funds could only be used to
pay the cost of attending an institution of higher education.  An
applicant was not eligible to receive a Pell Grant or a Direct Loan
if the applicant was incarcerated in a federal or state penal
institution.

    5.   Applicants for FSA funds were required to complete an
application for federal student aid called the "Free Application for
Federal Student Aid" ("FAFSA").

    6.   The FAFSA could be completed on a Department website and
submitted electronically via the Internet.  The FAFSA required the

applicant to list certain identifying information, including the applicant's name, date of birth, and social security number.  The FAFSA required the applicant to list the applicant's education level, income, and family status.  The FAFSA also required the identification and signature of the preparer of the form and the preparer's social security number if it was prepared by someone other than the student applicant.  The FAFSA further required the student or preparer to certify that: (a) the information was true and complete; and (b) any FSA funds received would be used only to pay the cost of attending an institution of higher education (*i.e.*, tuition, fees, supplies, and housing).

7.    To electronically sign a FAFSA that was completed on the Department website, each student applicant was assigned a unique personal identification number ("PIN") by the Department via email or a United States mail address provided by the student.  The PIN could be used to go online to the Department's FAFSA website and access a FAFSA, correct a FAFSA, review financial aid history, access Direct Loan information and tools, and electronically sign Master Promissory Notes.  By signing the FAFSA with a PIN, the applicant assumed responsibility for the accuracy of the information reported on the FAFSA and certified that he or she was the person identified by the PIN.

8.    The completed FAFSAs were received and processed by the Department's Central Processing System ("CPS").  The CPS calculated the student's Expected Family Contribution, which was the amount the student applicant, or the student applicant's family, was expected to contribute toward the student's college costs.  The CPS server that received FAFSA submissions was located in Plano, Texas.

1      9.    The Expected Family Contribution and other information
2  calculated by CPS were included in a report sent to the student,
3  which report was called a Student Aid Report.  The Expected Family
4  Contribution and other information calculated by CPS also were
5  included in a report sent to each school listed by the student on the
6  FAFSA, which report was called an Institutional Student Information
7  Record.  The CPS electronically submitted the report to each school
8  listed by the student on the FAFSA.

9      10.   To receive financial aid from the Department in the form of
10  a student loan, a qualified applicant was required to complete a
11  Master Promissory Note, which included a promise to pay to the
12  Department all loan amounts disbursed under the terms of the Master
13  Promissory Note.

14      11.   For an eligible student/applicant to receive FSA funds, the
15  student/applicant had to enroll in a postsecondary school that was
16  authorized by the Department to award FSA funds.

17      12.   Fullerton College was a community college located in
18  Fullerton, California.  Fullerton College participated in FSA
19  programs and was authorized to award FSA funds to eligible students.
20  Fullerton College offered courses at its campus in Fullerton and via
21  online education programs on the Internet.  Students applied for
22  admission to Fullerton College by submitting an application online.
23  Students who enrolled at Fullerton College could obtain financial
24  aid, including Direct Loans and Pell Grants, from the federal
25  government through the FAFSA application process.

26      13.   When a Fullerton College student received Pell Grants and
27  Direct Loans, the disbursements were made directly to Fullerton
28  College.  To receive a disbursement of the financial aid funds from

4

the Department, Fullerton College submitted a request to the Department, which transmitted a request to the United States Department of Treasury in Philadelphia, Pennsylvania, which then transmitted the request to the Federal Reserve Bank in Minneapolis, Minnesota.  The Federal Reserve Bank then caused the funds to be wire-transferred to Fullerton College's bank account with Bank of America in Fullerton, California.

14.  Upon receiving FSA funds, Fullerton College sent to the student applicant a portion of the aid that was not designated to pay tuition and fees; this portion was known as a credit balance or refund.  After Fullerton College determined a student was going to receive FSA funds, it notified Higher One, a debit card company. Higher One mailed inactive debit cards to students using the United States Postal Service.  Once students received their welcome packet in the mail, students had to choose to have their FSA credit balance deposited onto the debit card or have the money deposited into a bank account.  A paper check was mailed to a student if the student did not choose a deposit preference within 30 days.  Higher One debit cards could be activated on the Internet and account information could be accessed on the Internet.

B.   OBJECTS OF THE CONSPIRACY

15.  Beginning on or about a date unknown, but no later than in or about February 2013, and continuing to in or about December 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants SPARKLE SHORALE NELSON ("NELSON"), SHYKEENA MONIQUE JOHNSON, also known as ("aka") "Shy" ("JOHNSON"), and JERRIKA ELDRENA LASHAY JOHNSON, aka "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), and others known and unknown to the Grand Jury,

5

knowingly and with intent to defraud, conspired to commit offenses
against the United States, namely, mail fraud, in violation of Title
18, United States Code, Section 1341, and wire fraud, in violation of
Title 18, United States Code, Section 1343.

C.   MANNER AND MEANS OF THE CONSPIRACY

16.   The objects of the conspiracy were carried out, and to be
carried out, in substance, as follows:

a.   Defendants NELSON, JOHNSON, and CARTER, and other co-
conspirators known and unknown to the Grand Jury, would obtain
personal identifying information, including names and social security
numbers of other individuals, who are described in this Indictment as
"straw students."

b.   Defendants NELSON, JOHNSON, and CARTER, and other co-
conspirators known and unknown to the Grand Jury, would complete the
application and enrollment process with Fullerton College among other
colleges.

c.   Defendants NELSON, JOHNSON, and CARTER, and other co-
conspirators known and unknown to the Grand Jury, would use the
personal identifying information of the straw students to file FAFSAs
on the Internet for financial aid, but would not comply with the
preparer-related requirement to sign the application and include the
preparer's social security number.

d.   Defendants NELSON, JOHNSON, and CARTER, and other co-
conspirators known and unknown to the Grand Jury, would complete
Master Promissory Notes on the Internet for the straw students.

e.   Defendants NELSON, JOHNSON, and CARTER, and other co-
conspirators known and unknown to the Grand Jury, would cause
Fullerton College, among other colleges, to disburse money to the

straw students from the Department by depositing the financial aid onto Higher One debit cards, which were mailed to addresses belonging to defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury.

f.    Defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, would activate the Higher One debit cards in the names of the straw students.

g.    Defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, would cause the FSA funds to be transferred from the Higher One accounts in the names of certain straw students to other Higher One accounts, which defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, controlled.

h.    Defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, would not use the funds disbursed to the accounts of straw students for permitted educational costs.  Instead, defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, would use the money for their personal expenses.

D.    OVERT ACTS

17.    In furtherance of the conspiracy, and to accomplish its objects, on or about the following dates, defendants NELSON, JOHNSON, and CARTER, and other co-conspirators known and unknown to the Grand Jury, committed, and willfully caused others to commit, various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On or about August 9, 2014, defendant NELSON, and other co-conspirators known and unknown to the Grand

7

1  Jury, submitted a FAFSA online to the Department using personal
2  identifying information belonging to straw student D.P., who was
3  incarcerated at the time in a state penal institution.

4      Overt Act No. 2:   On or about August 19, 2014, defendant
5  JOHNSON, and other co-conspirators known and unknown to the Grand
6  Jury, submitted a FAFSA online to the Department using personal
7  identifying information belonging to straw student C.M.

8      Overt Act No. 3:   On or about August 22, 2014, defendant
9  CARTER, and other co-conspirators known and unknown to the Grand
10  Jury, submitted a FAFSA online to the Department using personal
11  identifying information belonging to straw student D.B., who was
12  incarcerated at the time in a state penal institution.

13      Overt Act No. 4:   On or about August 23, 2014, defendant
14  JOHNSON, and other co-conspirators known and unknown to the Grand
15  Jury, submitted a FAFSA online to the Department using personal
16  identifying information belonging to straw student T.J.

17      Overt Act No. 5:   On or about August 23, 2014, defendant
18  CARTER sent a text message to defendant NELSON stating, "The people I
19  sign up I pick some classes so they got like 6/9."

20      Overt Act No. 6:   On or about August 30, 2014, defendant
21  CARTER, and other co-conspirators known and unknown to the Grand
22  Jury, logged on to the Higher One website using personal identifying
23  information belonging to straw student D.P., and activated a Higher
24  One debit card in D.P.'s name.

25      Overt Act No. 7:   On or about September 3, 2014, defendant
26  JOHNSON, and other co-conspirators known and unknown to the Grand
27  Jury, logged on to the Higher One website using personal identifying

28

1    information belonging to straw student C.M., and activated a Higher

2    One debit card in C.M.'s name.

3         Overt Act No. 8:    On or about September 4, 2014, defendant

4    CARTER, and other co-conspirators known and unknown to the Grand

5    Jury, logged on to the Higher One website using personal identifying

6    information belonging to straw student D.B., and activated a Higher

7    One debit card in D.B.'s name.

8         Overt Act No. 9:    On or about October 13, 2014, defendant

9    JOHNSON sent a text message containing straw student T.J.'s social

10   security number to defendant NELSON.

11        Overt Act No. 10:    On or about October 17, 2014, defendant

12   CARTER sent a text message to defendant JOHNSON stating "Transfer

13   a1000" to the email address Higher One had on file for straw student

14   T.T.

15        Overt Act No. 11:    On or about October 21, 2014, defendant

16   NELSON, and other co-conspirators known and unknown to the Grand

17   Jury, caused a payment to be made to her Southern California Edison

18   account for $370 using straw student D.B.'s Higher One card.

19        Overt Act No. 12:    On or about October 22, 2014, defendant

20   CARTER sent a text message to defendant NELSON stating "U have [straw

21   student D.P.] and [straw student T.T.] card."

22        Overt Act No. 13:    On or about October 22, 2014, defendant

23   NELSON sent a text message to defendant CARTER stating "Omg what's

24   [straw student D.P.] info so I can transfer & what's there pins?"

25        Overt Act No. 14:    On or about October 22, 2014, defendant

26   CARTER sent a text message to defendant NELSON containing the same

27   email address Higher One had on file for straw student D.P.

28

1    Overt Act No. 15:   On or about October 23, 2014, defendant

2  NELSON, and other co-conspirators known and unknown to the Grand

3  Jury, logged on to the Higher One website using personal identifying

4  information belonging to straw student T.J., and activated a Higher

5  One debit card in T.J.'s name.

6    Overt Act No. 16:   On or about November 8, 2014, defendant

7  NELSON sent a text message to defendant CARTER stating, "Did it let u

8  do the promissory note."

9    Overt Act No. 17:   On or about November 13, 2014, defendant

10  NELSON sent a text message to defendant CARTER stating, "How u for $$

11  on his & I got the card? Can u transfer the rest from [straw student

12  R.S.] to [straw student T.T.]."

13    Overt Act No. 18:   On or about November 17, 2014, defendant

14  CARTER sent a text message to defendant NELSON, containing straw

15  student E.P.'s personal identifying information, specifically,

16  including E.P.'s social security number and date of birth.

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS TWO THROUGH FIVE

[18 U.S.C. §§ 1341, 2(b)]

[ALL DEFENDANTS]

18.   The Grand Jury re-alleges and incorporates paragraphs 1 through 14 of this Indictment here.

A.   THE SCHEME TO DEFRAUD

19.   Beginning on or about a date unknown, but no later than February 2013, and continuing to in or about December 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants SPARKLE SHORALE NELSON ("NELSON"), SHYKEENA MONIQUE JOHNSON, also known as ("aka") "Shy" ("JOHNSON"), and JERRIKA ELDRENA LASHAY JOHNSON, aka "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the United States Department of Education as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

20.   The scheme to defraud operated, in substance, as described in paragraph 16, which is re-alleged and incorporated here.

B.   USE OF THE MAILS

21.   On or about the dates set forth below, in San Bernardino County, within the Central District of California, defendants NELSON, JOHNSON, and CARTER, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, placed and willfully caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and knowingly caused to be

11

delivered by mail according to the directions thereon, the following Higher One debit cards in the names of straw students, at the following addresses:

| COUNT | DATE | ADDRESS | MAIL MATTER |
|-------|------|---------|-------------|
| TWO | August 13, 2014 | 401 W Fredricks Street Apt 2, Barstow, CA 92311 | Higher One debit card for D.P. |
| THREE | August 23, 2014 | 14135 Dry Creek Street, Hesperia, CA 92345 | Higher One debit card for C.M. |
| FOUR | August 26, 2014 | 501 E Virginia Way, Apt 40, Barstow, CA 92311 | Higher One debit card for D.B. |
| FIVE | August 28, 2014 | 10160 Redwood Boulevard, California City, California 93505 | Higher One debit card for T.J. |

COUNTS SIX THROUGH SIXTEEN

[18 U.S.C. § 1343]

[ALL DEFENDANTS]

22.   The Grand Jury re-alleges and incorporates paragraphs 1 through 14 of this Indictment here.

A.   THE SCHEME TO DEFRAUD

23.   Beginning on or about a date unknown, but no later than February 2013, and continuing to in or about December 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants SPARKLE SHORALE NELSON ("NELSON"), SHYKEENA MONIQUE JOHNSON, also known as ("aka") "Shy" ("JOHNSON"), and JERRIKA ELDRENA LASHAY JOHNSON, aka "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the United States Department of Education ("the Department") as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

24.   The scheme to defraud operated, in substance, as described in paragraph 16, which is re-alleged and incorporated here.

B.   USE OF THE WIRES

25.   On or about the dates set forth below, in San Bernardino County, within the Central District of California, defendants NELSON, JOHNSON, and CARTER, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

13

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| SIX | August 9, 2014 | FAFSA submission for D.P. from IP address in Victorville, California to Department Server in Plano, Texas |
| SEVEN | August 19, 2014 | FAFSA submission for C.M. from IP address in Hesperia, California to Department Server in Plano, Texas |
| EIGHT | August 22, 2014 | FAFSA submission for D.B. from IP address in Apple Valley, California to Department Server in Plano, Texas |
| NINE | August 23, 2014 | FAFSA submission for T.J. from IP address in Hesperia, California to Department Server in Plano, Texas |
| TEN | August 28, 2014 | Wire of Pell Grant funds for D.P. in the amount of $1,433 from the Federal Reserve Bank in Minneapolis, Minnesota to Bank of America in Fullerton, California |
| ELEVEN | August 28, 2014 | Wire of Pell Grant funds for C.M. in the amount of $1,433 from the Federal Reserve Bank in Minneapolis, Minnesota to Bank of America in Fullerton, California |
| TWELVE | September 15, 2014 | Wire of Pell Grant funds for D.B. in the amount of $717 from the Federal Reserve Bank in Minneapolis, Minnesota to Bank of America in Fullerton, California |

| COUNT | DATE | WIRE TRANSMISSION |
|-------|------|-------------------|
| THIRTEEN | September 15, 2014 | Wire of Pell Grant funds for T.J. in the amount of $279 from the Federal Reserve Bank in Minneapolis, Minnesota to Fullerton College's Bank of America account in Fullerton, California |
| FOURTEEN | October 14, 2014 | Wire of Pell Grant funds for D.B. in the amount of $716 from the Federal Reserve Bank in Minneapolis, Minnesota to Bank of America in Fullerton, California |
| FIFTEEN | November 25, 2014 | Wire of Pell Grant funds for C.M. in the amount of $1,154 from the Federal Reserve Bank in Minneapolis, Minnesota to Bank of America in Fullerton, California |
| SIXTEEN | November 25, 2014 | Wire of Pell Grant funds for T.J. in the amount of $278 from the Federal Reserve Bank in Minneapolis, Minnesota to Fullerton College's Bank of America account in Fullerton, California |

COUNT SEVENTEEN

[18 U.S.C. § 1028A(a)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS NELSON AND JOHNSON]

26.   On or about October 16, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants SPARKLE SHORALE NELSON ("NELSON") and SHYKEENA MONIQUE JOHNSON, also known as "Shy" ("JOHNSON"), each aiding and abetting each other, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendants NELSON and JOHNSON knew belonged to another person, namely, the name, social security number, and date of birth of straw student T.J., during and in relation to wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Sixteen of this Indictment.

COUNT EIGHTEEN

[18 U.S.C. § 1028A(a)(1); 18 U.S.C. § 2(a)]

[DEFENDANTS NELSON AND CARTER]

27.   On or about November 17, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendants SPARKLE SHORALE NELSON ("NELSON") and JERRIKA ELDRENA LASHAY JOHNSON, also known as ("aka") "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), each aiding and abetting each other, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendants NELSON and CARTER knew belonged to another person, namely, the name, social security number, and date of birth of straw student E.P., during and in relation to conspiracy to commit mail and wire fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

COUNT NINETEEN

[20 U.S.C. § 1097(a); 18 U.S.C. § 2(a)]

[DEFENDANTS NELSON AND CARTER]

28.   Between on or about August 9, 2014, and on or about August 28, 2014, in San Bernardino County, within the Central District of California, defendants SPARKLE SHORALE NELSON ("NELSON") and JERRIKA ELDRENA LASHAY JOHNSON, also known as ("aka") "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), each aiding and abetting each other, knowingly and willfully misapplied, obtained by fraud, false statement, and forgery, and failed to refund $1,433 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of Title 20 of the United States Code, in that defendants NELSON and CARTER caused the submission of a FAFSA by someone who falsely certified that he/she was straw student D.P. and that D.P. would use the FSA funds for a permitted educational purpose.

COUNT TWENTY

[20 U.S.C. § 1097(a); 18 U.S.C. § 2(a)]

[DEFENDANTS NELSON AND CARTER]

29.   Between on or about August 22, 2014, and on or about October 14, 2014, in San Bernardino County, within the Central District of California, defendants SPARKLE SHORALE NELSON ("NELSON") and JERRIKA ELDRENA LASHAY JOHNSON, also known as ("aka") "Muffin," aka "Big Sis," aka "Jerrika Carter" ("CARTER"), each aiding and abetting each other, knowingly and willfully misapplied, obtained by fraud, false statement, and forgery, and failed to refund $1,433 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of Title 20 of the United States Code, in that defendants NELSON and CARTER caused the submission of a FAFSA by someone who falsely certified that he/she was straw student D.B. and that D.B. would use the FSA funds for a permitted educational purpose.

COUNT TWENTY-ONE

[20 U.S.C. § 1097(a); 18 U.S.C. § 2(a)]

[DEFENDANTS NELSON AND JOHNSON]

31.   Between on or about August 23, 2014, and on or about November 25, 2014, in San Bernardino County, within the Central District of California, defendants SPARKLE SHORALE NELSON ("NELSON") and SHYKEENA MONIQUE JOHNSON, also known as "Shy" ("JOHNSON"), each aiding and abetting each other, knowingly and willfully misapplied, obtained by fraud, false statement, and forgery, and failed to refund $557 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of Title 20 of the United States Code, in

///

///

///

that defendants NELSON and JOHNSON caused the submission of a FAFSA
by someone who falsely certified that he/she was straw student T.J.
and that T.J. would use the FSA funds for a permitted educational
purpose.

A TRUE BILL

_____ |s| _____
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

SEAN D. PETERSON
Assistant United States Attorney
Riverside Branch Office